UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


GABRIEL AMPARO,

    Petitioner,

-vs-                                                          8:05-cv-1836-T-17EAJ

SECRETARY, DEPT. OF CORRECTIONS,

    Respondent.

_____

**ORDER**

This cause is before the Court on Amparo's 28 U.S.C. § 2254 petition for writ of habeas corpus. Amparo challenges his conviction and sentence entered by the circuit court for the Sixth Judicial Circuit, Pasco County, Florida. A review of the record demonstrates that, for the following reasons, Amparo's petition must be denied.

Background

Amparo prosecuted a direct appeal from his conviction for robbery. Amparo stands convicted of robbery. Edward Keith Glenn [a material witness for the state government] testified that on March 17, 2000, he came home from school and "worked out" with Amparo and Samuel Velzquez. See, Resp.Ex. 004/Tr 189-192) The three went to Handy Food, then to Kash & Karry in Amparo's white automobile. See Resp.Ex. 004/Tr 192-193)

After stopping at a pay phone to answer a page from his mother, Mr. Glenn got in the front seat with Amparo driving and Mr. Velzquez in the rear driver's side seat. See, Resp.Ex. 004/Tr 193- 194. When Amparo and Mr. Velzquez jumped out, Mr. Glenn saw the

butt of a gun sticking out of Amparo's pants. Mr. Glenn identified the gun at trial. See, Resp.Ex. 004/Tr 194-196. Mr Glenn testified he was afraid, and that the two were speaking in Spanish, which he did not understand. See, Resp.Ex. 004/Tr 196. Subsequently, Mr. Velzquez testified and confirmed that he and Amparo had committed the robbery. See, Resp.Ex. 004/Tr 227- 234)

After jury trial, Amparo was found guilty as charged of one count of robbery contrary to §812.12(2)(a), Florida Statutes. See, Resp.Ex. 004/R 10-11; Tr 352. Amparo was sentenced to fifteen years of incarceration with a ten-year minimum-mandatory requirement. See, Resp.Ex. 004/R 72-77.

On direct appeal, Amparo raised three (3) issues with the first issue having three (3) sub-parts:

> I. THE TRIAL COURT ERRED IN FAILING TO GRANT THE MOTION TO SUPPRESS BOTH THE EVIDENCE CONTAINED IN AN ILLEGAL SEARCH AND THE IDENTIFICATION OF APPELLANT OBTAINED THROUGH A SUGGESTIVE SHOW-UP PROCEDURE.
>
> A. The police committed an illegal action in entering the residence on the theory of conducting a "protective sweep".
>
> B. The primary illegality of the protective sweep and its coercive effect rendered any subsequent written consent invalid.
>
> C. The pre-trial identification was impermissibly suggestive.
>
> II. THE TRIAL COURT ERRED IN FAILING TO CONDUCT A PROPER RICHARDSON HEARING.
>
> III. THE EVIDENCE WAS INSUFFICIENT TO CONVICT APPELLANT OF ARMED ROBBERY BECAUSE THERE WAS NO SHOWING THAT THE VICTIM WAS PUT IN FEAR OR THAT THERE WAS FORCE, VIOLENCE, OR ASSAULT IN THE COURSE OF TAKING OF PROPERTY.

Resp.Ex. 002/p. i.

The state appellate court was "struck" by the issues raised by Amparo; however, even though there was merit, the harmless error doctrine required affirmance. Judge Blue, joined by Judges Altenbernd and Stringer, stated:

> Gabriel Amparo appeals his conviction for armed robbery. We reject his arguments but point out that although the trial court erroneously denied Mr. Amparo's motion to suppress, the error was harmless. Accordingly, we affirm.
>
> Mr. Amparo correctly argues that the trial court erroneously denied his motion to suppress based on an unlawful protective sweep of the house. See, *Maryland v. Buie*, 494 U.S. 325 (1990). Additionally, the State failed to establish that the subsequently given consent to search the house was voluntary. *See Findley v. State*, 771 So.2d 1235 (Fla. 2d DCA 2000). However, the ruling on the motion to suppress the evidence found in the house was not dispositive of Mr. Amparo's criminal charge and is subject to a harmless error analysis. We conclude that the error was harmless beyond a reasonable doubt. *See State v. DiGuilio*, 491 So.2d 1129 (Fla. 1986).
>
> Affirmed.

(Respondent's Exhibit 005); *Amparo v. State*, 818 So.2d 565 (Fla. 2d DCA 2002), *Rehearing Denied*, April 16, 2002.

Amparo then sought discretionary review in the Supreme Court of Florida; and, review was denied. See Respondent's Exhibit 006. *Amparo v. State,* 833 So.2d 773 (Fla. 2002)[Table Opinion].

Amparo then filed his first Fla.R.Crim.Pr. Rule 3.850 motion. See Resp.Ex. 007. There, Amparo raised the following four grounds for relief:

> Ground One: The trial court erred by refusing to instruct the jury on the offense of accessory after the fact.
>
> Ground Two: Trial counsel was ineffective for "misadvising defendant as to right to testify at trial and coercing defendant through said misadvice into waiving that right."

> Ground Three: Trial counsel was ineffective for failing to move for a continuance to take the deposition of state witness Seth Green.
>
> Ground Four: Trial counsel was ineffective for failing to move for a judgment of acquittal when the state failed to meet its burden of proof.

There was no evidentiary hearing. The state trial court summarily denied relief. See Resp.Ex. 007. As to Ground One, the claim was determined to be procedurally barred as a matter of state law as it could have been and/or should have been raised on direct review. See, Resp.Ex. 007. As to Ground Two, the trial court annexed to the Order state trial court record excerpts showing that Amparo had the opportunity to testify and waived that right. See, Resp.Ex. 004/Tr 243-244 and Resp.Ex. 007/Exhibit A annexed to the Order. The trial court noted that there was no record evidence to establish that Amparo was an accessory after the fact. Thus, Amparo failed to establish prejudice.

As to Ground Three, Amparo alleged that trial counsel was ineffective for failing to obtain a continuance so that Seth Green could be deposed. The Rule 3.850 judge annexed to his Order record excerpts establishing that trial counsel objected to the testimony of Seth Green as he had just returned to Florida and had not been deposed. See, Resp.Ex. 004/Tr 220-224 and Resp.Ex. 007/Exhibit B annexed to the Order.

As to Ground Four, trial counsel did in fact move twice for a judgment of acquittal. See, Resp.Ex. 004/Tr 242- 243, 247 and Resp.Ex. 007/Exhibit C. Ground Four is refuted by the record.

Amparo prosecuted a collateral appeal; and, the state appellate court per curiam affirmed. See, Resp.Ex. 008. *Amparo v. State*, 864 So.2d 407 (Fla. 2d DCA 2003)[Table Opinion].

Amparo then filed his second Rule 3.850 motion. See Resp.Ex. 009. There, he alleged (1) trial counsel was ineffective for failing to subpoena the victim Dorothy Hafner to testify on behalf of Amparo; (2) trial counsel was ineffective for failing to have the victim testify at trial through video-conference; (3) trial counsel was ineffective for failing to have Omar Hafner testify; (4) trial counsel was ineffective for failing to have Omar Hafner testify through video-conference; (5) trial counsel was ineffective for failing to obtain an FDLE lab report on the hat found in the backseat of the vehicle; (6) trial counsel was ineffective for failing to object and preserve an issue when the court reporter read back testimony to the jury.

On November 5, 2003, Judge Cobb entered an Order denying relief finding the second Rule 3.850 motion to be successive. See Resp.Ex. 010. Pursuant to Fla.R.Crim.Pr. Rule 3.850(f), the second Motion for postconviction relief was denied. The state appellate court affirmed on the basis of Fla.R.Crim.Pr. Rule 3.850(f). See Slip Opinion contained in Resp.Ex. 010. *Amparo v. State*, 873 So.2d 329 (Fla. 2d DCA 2004)[Table Opinion].

Amparo then filed his third Rule 3.850 motion. See Respondent's Exhibit 011. Amparo acknowledged that even though the grounds were known to him, he had not properly presented them as he was a lay person. See, "Statement in Support of Fact that Defendant's Rule 3.850 is not Successive and/or an Abuse of Process" contained in Resp.Ex. 011. Amparo alleged that trial 8 of 19 counsel was ineffective for not objecting to the absence of the victims [Mr. and Mrs. Hafner] as they had potential exculpatory evidence which would have exonerated Amparo. The trial court again [on January 12,

2005] denied relief finding the third Rule 3.850 motion to be successive and time barred. See, Fla.R.Crim.Pr. Rule 3.850(b).

On August 3, 2005, the state appellate court per curiam affirmed the denial of relief. *Amparo v. State*, Fla. 2D05-957 (Opinion filed August 3, 2005). This opinion is published as *Amparo v. State,* 908 So.2d 1064 (Fla. 2d DCA 2005)[Table Opinion].

Amparo then filed a Rule 3.800 motion, and as a result, Amparo was resentenced on January 28, 2005.  He did not seek collateral review.  See Resp. Ex. 13-18.  Amparo timely filed the present federal petition for writ of habeas corpus on September 30, 2005.

Standards of Review

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  *Strickland*'s two-

part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*  However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

## Discussion

### GROUND ONE

> Amparo's constitutional rights were violated when the state trial court admitted into evidence illegally obtained evidence to establish Amparo's guilt.

This ground was raised on direct appeal. See, Resp.Ex. 002/p. i. The ground is exhausted. On direct appeal, the appellate court recognized the constitutional deprivation; however, the *harmless error* doctrine was applied. The opinion reads:

> Gabriel Amparo appeals his conviction for armed robbery. We reject his arguments but point out that although the trial court erroneously denied Mr. Amparo's motion to suppress, the error was harmless. Accordingly, we affirm. Mr. Amparo correctly argues that the trial court erroneously denied his motion to suppress based on an unlawful protective sweep of the house. See, *Maryland v. Buie*, 494 U.S. 325, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990). Additionally, the State failed to establish that the subsequently given consent to search the house was voluntary. *See Findley v. State*, 771 So.2d 1235 (Fla. 2d DCA 2000). However, the ruling on the motion to suppress the evidence found in the house was not dispositive of Mr. Amparo's criminal charge and is subject to a harmless error analysis. We conclude that the error was harmless beyond a reasonable doubt. *See State v. DiGuilio*, 491 So.2d 1129 (Fla. 1986). Affirmed.

The opinion is reported as *Amparo v. State*, 818 So.2d 565 (Fla. 2d DCA 2002). See, Resp.Ex.005. Amparo overlooks and fails to consider that a criminal defendant is entitled to fair trial [not a perfect trial] but a fair trial. *See Delaware v. Van Arsdall*, 475 U.S. 673, 681 (1986) and *United States v. Hastings*, 461 U.S. 499, 508-509 (1983). At bar, the

state appellate court applied the "harmless error" doctrine. The "harmless error" doctrine has been codified by the state legislature. See, § § 59.041 & 924.33, Florida Statutes .2005). Congress has also codified the "harmless error" doctrine. See, 28 U.S.C. §2111 [On the hearing of any appeal or writ of certiorari in any case, the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties.] Federal R.Crim.P. Rule 52(a) urges federal courts to disregard "[a]ny error, effect, irregularity or variance which does not affect substantial rights."

In *Chapman v. California*, 386 U.S. 18, 24 (1987), the Supreme Court held that a federal constitutional error can also be held harmless, but only if the court is "able to declare a belief that it was harmless beyond a reasonable doubt." In his papers before this Court, Amparo has failed to establish where this ground cannot be dismissed as harmless. The state appellate court determined the error harmless beyond a reasonable doubt. Under these circumstances, there a reasonable application of clearly established Federal law as determined by the Supreme Court of the United States. See 28 U.S.C. §2254(d).

Ground One does not warrant habeas corpus relief.

### GROUND TWO

Amparo's constitutional rights were violated when the state government proffered insufficient evidence to support a conviction.

Here, sufficiency of the evidence was a matter which could have been and/or should have been raised on direct appeal. The third issue raised in Amparo's direct appeal reads: "THE EVIDENCE WAS INSUFFICIENT TO CONVICT APPELLANT OF ARMED ROBBERY BECAUSE THERE WAS NO SHOWING THAT THE VICTIM WAS PUT IN

FEAR OR THAT THERE WAS FORCE, VIOLENCE, OR ASSAULT IN THE COURSE OF THE TAKING OF PROPERTY." See, Resp.Ex. 002/p. i.

The testimony of Samuel Velzquez established the robbery. Further, the state government specifically relied on United States Supreme Court precedent urging that " ... under the teachings of *Jackson v. Virginia*, 443 U.S. 307 (1979), the federal constitutional issue is whether any rational trier fact could find guilt beyond a reasonable doubt." See Resp.Ex. 003/pp 16-17. There was direct, eye-witness testimony which established the robbery. There was no constitutional deprivation. Amparo has failed to establish that 28 U.S.C. §2254(d)(1)&(2) permits further consideration of this ground.

Ground Two does not warrant federal habeas corpus relief.

### GROUND THREE

Amparo's constitutional rights were violated when trial counsel did not object and preserve for review the fact that the victim did not testify at Amparo's trial.

Amparo did not raise this claim in Amparo's first Rule 3.850. See, Resp.Ex. 007. In Amparo's second Rule 3.850, Amparo alleged trial counsel was ineffective for failing to have the victims [Dorothy and Omar Hafner] testify. See, Resp.Ex. 010. In Amparo's third Rule 3.850, he averred that trial counsel was ineffective for not objecting to the absence of the victims [Mr. and Mrs. Hafner] as they had potential exculpatory evidence which would have exonerated Amparo. See, Resp.Ex. 011. Amparo overlooks and fails to consider that his second Rule 3.850 was found to be successive; and, his third Rule 3.850 was found to be both successive and time barred. Both of these attacks are procedurally defaulted because these claims could have been presented in Amparo's first Rule 3.850 motion. *See*

*Wainwright v. Sykes*, 433 U.S. 72 (1977) (Sykes' failure to object to an introduction of his confession in the state trial court on the grounds that he did not understand his Miranda warnings barred 28 U.S.C. §2254 relief absent a showing of cause and prejudice)  The federal court recognized Florida's procedural default rule.  Amparo has not shown cause and prejudice to overcome the procedural default.

Alternatively, had the victims been killed and thus not available to testify, would the state government have been barred from proceeding in the prosecution? No. It is certainly helpful to the trier of fact to have a victim testify; but, it is not required. Proof can be established in many different ways; and, defense counsel cannot control how a prosecutor goes about proving the People's case. In short, there is no constitutional deprivation.

Ground three does not warrant federal habeas corpus relief.

Accordingly, the Court orders:

That Amparo's petition is denied, with prejudice.  The Clerk is directed to enter judgment against Amparo and to close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,"

*Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED in Tampa, Florida, on November 30, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Gabriel Amparo